IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THOMAS NUSSBAUM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 19-376 |
| | ) | Senior Judge Charles F. Lettow |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION TO DISMISS

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims, the United States respectfully requests that the Court dismiss the complaint filed by *pro se* plaintiff Thomas Nussbaum, for failure to file a timely claim and lack of standing.

## BACKGROUND

Mr. Nussbaum's complaint was filed on March 11, 2019. The complaint alleges that Mr. Nussbaum is owed monetary damages relating to a GSA Schedule contract for construction work performed at the Federal Correctional Institution (FCI) at Victorville, California, issued by the Federal Bureau of Prisons (FBOP). *See* Compl. at 1. According to Mr. Nussbaum, he provided a quote for the work on November 28, 2001, and on April 9, 2003, FCI Victorville accepted completion of the project. *See* Compl. at 3. Further, Mr. Nussbaum states that after the April 2003 acceptance, he sought, directly from FBOP, monetary compensation for added costs incurred during performance of the work. *Id.* This request was sent to FBOP on January 5, 2010, and included a reference to a Stop Notice request filed by Mr. Nussbaum on November 12, 2002. *See* Compl., Exhs. 4-6. On March 10, 2010, Mr. Nussbaum received a letter from FBOP that its claim could not be considered. *See* Compl. at 7; Compl. Exh. 3.

RECEIVED
DOJ COURIER
JUN 12 2019
OFFICE OF THE CLERK
U.S. COURT OF FEDERAL CLAIMS

Mr. Nussbaum also alleges that he was defrauded by Cal Inc., FBOP's vendor. *See* Compl. at 1. Mr. Nussbaum acknowledges, however, that FCI Victorville never issued a construction contract to him, instead relying on a "Schedules Contract" awarded to Cal Inc., "the prime contractor". *See* Compl. at 2.

## ARGUMENT

A court's jurisdiction must be construed strictly, and all conditions placed upon such authority must be satisfied before the court may accept jurisdiction. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). Pursuant to 28 U.S.C. § 2501 "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. Moreover, "[t]he six-year statute of limitations set forth in section 2501 is a jurisdictional requirement for a suit in the Court of Federal Claims." *Martinez v. United States*, 333 F.3d 1295, 1316 (Fed. Cir. 2003); *see Hart v. United States*, 910 F.2d 815, 818-19 (Fed. Cir. 1990) (stating 28 U.S.C. § 2501 "is jurisdictional in nature and, as an express limitation on the waiver of sovereign immunity, may not be waived."). In addition, the Court has previously stated that "[a] claim under the Tucker Act accrues as soon as all the events have occurred that are necessary to enable plaintiff to bring suit." *Fredericksburg Non-Profit Hous. Corp. v. United States*, 113 Fed.Cl. 244, 251 (2013) (citing *Goodrich v. United States*, 434 F.3d 1329, 1333 (Fed. Cir. 2006).) "A cause of action accrues and the statute of limitations begins to run when a plaintiff knows or should know the facts about the harm done to the plaintiff." *Allen v. United States*, 140 Fed.Cl. 550, 561 (2018).

Further, even *pro se* plaintiffs have the burden of establishing the Court's jurisdiction. *Wyatt v. United States*, No. 11-125C, 2011 WL 2444814, at 2 (Fed. Cl. June 16, 2011) (citing *Tindle v United States*, 56 Fed. Cl. 337, 341 (2003).) Pleadings of a *pro se* plaintiff are held to a

2.

less stringent standard than those of litigants represented by counsel. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, "[t]he fact that [a plaintiff] acted pro se in the drafting of his complaint may explain its ambiguities, but it does not excuse its failures, if such there be." *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995). In particular, a *pro se* plaintiff is not excused from the burden of meeting the Court's jurisdictional requirements. *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

This Court lacks jurisdiction to consider Mr. Nussbaum's complaint because it is untimely. 28 U.S.C. § 2501. By his own admission, Mr. Nussbaum first knew of the harm done on November 12, 2002, when he filed a Stop Notice with FBOP or on April 9, 2003, when FCI Victorville accepted completion of the project and all the events occurred that were necessary to enable plaintiff to bring suit. *See* Compl. at 3; Compl., Exhs. 4-6. Thus, Mr. Nussbaum fails to meet the six-year statute of limitations set forth by 28 U.S.C. § 2501 because he knew or should have known of the harm as early as November 2002 or when the projected was accepted as complete in April 2003. If the harm was known to Mr. Nussbaum in 2002 or the project was complete in 2003, the deadline to file a claim was in either 2008 or 2009.

Nonetheless, even if the Court finds that the claim accrued as late as when Mr. Nussbaum received a denial by FBOP on March 10, 2010, Mr. Nussbaum's claim still fails to meet the six-year statute of limitations of 28 U.S.C. § 2501, which would have provided a deadline of 2016. *See* Compl. at 7; Compl. Exh. 4. As stated above, even when *pro se* plaintiffs are held to a less stringent standard, they must still meet their jurisdictional requirements. Here, Mr. Nussbaum did not meet the jurisdictional requirement of filing a timely complaint, even considering the latest date of 2010 of when he knew or should have known of its harm and all the events had

occurred that were necessary to enable plaintiff to bring suit. Thus, plaintiff's complaint is untimely.

In addition, it is a "well-entrenched rule that a subcontractor cannot bring a direct appeal against the [G]overnment." *United States v. Johnson Controls, Inc.*, 713 F.2d 1541, 1550 (Fed.Cir.1983). Thus, privity between the plaintiff and the Government must be jurisdictionally established in a contract claim because "the government consents to be sued only by those with whom it has privity of contract." *Erickson Air Crane Co. v. United States,* 731 F.2d 810, 813 (Fed.Cir.1984); *MW Builders Inc. v. United States*, 134 Fed. Cl. 469 (2017) ("In other words, the contract in issue must be between the plaintiff and the Government."). Here, Mr. Nussbaum's complaint admits that Cal Inc., not Mr. Nussbaum, was the prime contractor. In addition, the purchase order attached to the complaint is between Cal Inc. and the FBOP, not plaintiff. *See* Compl., Exhs. 2. Therefore, as a matter of law, plaintiff cannot establish privity of contract with the Government and the Government does not consent to be sued by a subcontractor.

For these reasons, the United States respectfully requests that the Court dismiss the complaint for failure to meet the statute of limitations and lack of standing.

Respectfully submitted,

OF COUNSEL
P. Vicky K. Bhandari
Assistant General Counsel
Department of Justice
Federal Bureau of Prisons
Commercial Law Branch

JOSEPH H. HUNT
Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

*/s/ Deborah A. Bynum*
DEBORAH A. BYNUM
Assistant Director

*/s/ Sonia M. Orfield*
SONIA M. ORFIELD
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 353-0534

Facsimile: (202) 353-0461
Email: sonia.m.orfield@usdoj.gov

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 12th day of June, 2019, I caused to be placed in the United States mail (first-class, postage prepaid), copies of a "Defendant's Motion To Dismiss" addressed as follows:

THOMAS NUSSBAUM
P.O. Box 61
Millbrae, CA 94030
(650) 697-6330

*[signature]*
